# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI D. LEVINGSTON, | CASE NO. 1:09-cv-00589-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS | (Doc. 23) |
| AND REHABILITATION, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Toni D. Levingston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 4, 2010, Defendants Chavez and Rippee ("Defendants") filed a motion to dismiss. (Doc. #23.) Defendants argue that they are entitled to dismissal of this action on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff has not filed an opposition to Defendants' motion to dismiss.

**I.   Background**

This action proceeds on Plaintiff's first amended complaint, filed on August 7, 2009. (Doc. #15.) Plaintiff claims that Defendants Chavez and Rippee violated Plaintiff's rights under the Eighth Amendment when they used excessive force against Plaintiff.

Defendants filed a motion to dismiss on March 4, 2010. (Doc. #23.) Defendants move for dismissal on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA").

1

1    Defendants argue that the inmate appeal system at the prison where Plaintiff was housed
2 (Deuel Vocational Institution, or "DVI") consists of an informal level of review followed by three
3 formal levels of review. (Defs. Chavez and Rippee's Mem. of P. & A. in Supp. of their Mot. to
4 Dismiss 2:9-10.) Defendants contend that Plaintiff submitted appeals on two separate occasions
5 regarding the incidents described in his complaint. (P. & A. in Supp. of Mot. to Dismiss 3:1-2.)
6 Defendants argue that both appeals, submitted on September 5, 2008 and September 25, 2008, were
7 rejected as untimely. (P. & A. in Supp. of Mot. to Dismiss 3:2-5.) Defendants argue that DVI's
8 inmate appeal system requires appeals to be submitted within 15 days of the event or decision that
9 is the subject of the appeal. (P. & A. in Supp. of Mot. to Dismiss 2:13-15.) The incident described
10 in Plaintiff's complaint allegedly took place on June 18, 2008. (First Am. Compl. 3.)

11   Plaintiff has not filed an opposition to Defendants' motion to dismiss. On April 21, 2010,
12 Defendants' counsel filed a declaration noting that Plaintiff has not filed an opposition. (Doc. #26.)
13 On April 27, 2010, the Court ordered Plaintiff to file an opposition or statement of non-opposition
14 to Defendant's motion to dismiss. (Doc. #27.) Plaintiff was specifically warned that "failure to file
15 an opposition or statement of non-opposition in compliance with [the] order may result in this action
16 being dismissed for failure to obey a court order and failure to prosecute." (Order Requiring Pl. to
17 File, Within 30 Days, Opp'n or Statement of Non-Opp'n to Def.'s Mot. to Dismiss 1:22-24.) On
18 June 7, 2010, Defendants' counsel filed a second declaration noting Plaintiff's failure to file an
19 opposition. (Doc. #28.)

20 **II.    Discussion**

21   "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or
22 any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
23 such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section
24 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle,
25 435 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires proper exhaustion.
26 Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an
27 agency's deadlines and other critical procedural rules. . . ." Id. at 90-91. The proper exhaustion
28 requirement serves two important purposes: 1) it gives an agency the opportunity to correct its own

mistakes before it is brought into federal court and it discourages disregard of the agency's procedures; and 2) it promotes efficiency because claims can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. Id. at 89.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

Defendants have demonstrated that Plaintiff has failed to properly exhaust his administrative remedies prior to filing suit. As Defendants correctly note, Plaintiff has failed to comply with DVI's procedural requirements regarding timely filing of appeals.

**III.    Conclusion and Recommendation**

The Court finds that Plaintiff has failed to properly exhaust his administrative remedies, as required by the PLRA. Accordingly, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed on March 4, 2010, be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///

///

1  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:     June 20, 2010**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE